THOMAS J. MILLS *vs.* MARK B. SHIRLEY.

A boarding-house keeper who has furnished board and lodging to the wife and child of a man who has driven them from home by his cruelty and neglect, has no lien, under the Gen. Sts. *c.* 151, § 29, on property of the man which they brought with them to the boarding-house.

REPLEVIN of household furniture and wearing apparel. At the trial in the Superior Court, before *Rockwell,* J., it appeared that on March 17, 1871, when the plaintiff was living with his wife and infant child, his wife, who was then sick in bed, caused herself and her child to be carried, without the knowledge of the plaintiff, to the house of the defendant, who was her brother; that she carried with her the property replevied, which comprised the principal part of the plaintiff's household furniture and effects; that she remained there constantly sick until her death, which occurred on April 3, 1871, the child having died a few days before; that while the wife and child were at the defendant's house, the plaintiff went to see them two or three different times, the first time being four or five days after March 17; and that he knew the property was there, but did not at any time, so far as the defendant had any knowledge, make any request to have his family or his property returned to his house, or make any provision for the board and support of his wife and child.

The defendant contended that he had a lien on the property replevied for fare and board furnished by him to the plaintiff's wife and child, and offered evidence to show that he was a boarding-house keeper; that he had, at the time the goods were replevied, provided fare and board for the wife and child during the time and under the circumstances stated above; and that by the plaintiff's neglect and cruelty toward his wife and child, they were driven from his house and went to the defendant's house.

Upon these facts and offer of proof the judge ruled that the plaintiff was entitled to a verdict, which was returned, and the defendant alleged exceptions.

*G. D. Robinson,* for the defendant.

*M. P. Knowlton,* ( *G. M. Stearns* with him,) for the plaintiff.

CHAPMAN, C. J.   The property in controversy consists of household furniture and clothing belonging to the plaintiff.   By his neglect and cruelty towards his wife and child, they were driven from his house, and in his absence she took her child and the goods and went to the house of the defendant, who was her brother and a boarding-house keeper, and they remained there sick for a few weeks when they both died.

The defendant claims the property under the Gen. Sts. *c.* 151, § 29, which provides that "boarding-house keepers shall have a lien on the baggage and effects brought to their houses belonging to their guests or boarders, except mariners, for all proper charges due for fare and board," and the lien may be enforced as provided in the preceding sections.   The remedy includes the right of detention.   *Bayley* v. *Merrill,* 10 Allen, 360.   The wife of the plaintiff left him under such circumstances that she carried his credit with her, and he was liable for the board of herself and child.   *Hancock* v. *Merrick,* 10 Cush. 41.   *Reynolds* v. *Sweetser,* 15 Gray, 78.   But the statute gives her no power to create a lien upon his property, and she had no right from any other source.

It appears that while they were at the defendant's house the plaintiff went to see them two or three different times, and knew the property was there ; but he neither said or did anything that would authorize a jury to find that he requested the defendant to provide for them, or considered that he should hold the property as security.

It is contended that the statute gives a boarding-house keeper the same lien that an innkeeper would have.   If such had been the intent of the Legislature, it would have been easy to express it.   But such intent is not expressed, and the lien of an innkeeper, who is obliged to provide for travellers, and is subject to peculiar responsibilities, may properly be in some respects more broad than that which the statute has conferred upon a boarding-

house keeper. The language of the statute must be our guide in determining the rights of the latter, and it does not sustain the claim of the defendant. *Exceptions overruled.*