*Municipal Court of the City of Boston*

No. 141749

## THERESA G. FANCY

v.

## MASSACHUSETTS PARKING AUTHORITY
## AND

No. 141948

## MASSACHUSETTS PARKING AUTHORITY

v.

## HARRY E. FANCY

Argued:—Oct. 28, 1966  Decided:—Nov. 1, 1966

*Present:* Adlow, C.J., Glynn, Canavan, J.J.

Case tried to *Riley, J.* in the Municipal Court of the City of Boston, No. 141749, No. 141948.

ADLOW, C.J.   Two cases which were not consolidated, but were tried together, come before this court under separate reports. The first, *Fancy* v. *Massachusetts Parking Authority,* (Authority), is for the replevin of an automobile. The second is an action brought by the Authority to recover storage charges from Harry Fancy, husband of Theresa G. Fancy.

It is unnecessary to recite in detail the evidence contained in the report. It is sufficient for our purposes to note that on July 7, 1965 Theresa Fancy of Somerville purchased through her husband a 1959 Oldsmobile car from one John J. O'Brien of Somerville, paying for said car the sum of $400, and received a bill of sale for same from O'Brien. This bill of sale was made out to Harry Fancy, the plaintiff's husband. He returned to his home at 28 Gilman St., Somerville with the car and after removing the number plates from a 1953 Cadillac owned by Theresa Fancy, affixed them to the Oldsmobile. This car remained in front of the Fancy home during July 7, 1965 and July 8, 1965. About 9:40 p.m. of July 8, Mrs. Fancy discovered that the car was missing. Some time during July 7 Mr. Fancy, who was a truck driver, left for New York and was away at the

time of the disappearance of the car. Mrs. Fancy immediately notified the Somerville Police Department of the theft of the car. Some time in September, Mrs. Fancy was notified by the Boston Police Department that the car had been found in the Boston Common Garage, which was operated by the Massachusetts Parking Authority. On demanding the car the Authority demanded payment for 72 days' storage and refused to deliver up the car until paid. Mrs. Fancy thereupon brought a writ of replevin. Being aggrieved by the finding of the court in the replevin action, and by its rulings of law, the Authority brings this report.

In the action in which the Authority was plaintiff there was a finding for the defendant. Because the legal principles in issue are identical in both actions, the two reports will be considered together.

█ The burden was on the plaintiff to establish her title in the automobile which she sought to replevy. *Fay* v. *Duggan*, 135 Mass. 242; *Fisher* v. *Alsten*, 186 Mass. 549; *Sheehan & Egan, Inc.* v. *American Ry. Express*, 274 Mass. 331, 334.

█ The plaintiff, having submitted evidence of a bill of sale running to her husband, who acted in her behalf, and of an actual delivery of possession of the car to her, there was ample evidence to warrant the court in finding that she had a good and sufficient title in the car.

█ In the absence of evidence to indicate

that the car was brought to the garage, of the Authority by someone acting in her behalf, the court was warranted in finding that the car was not delivered to the defendant with the consent of the owner, and the court so found. Under the circumstances the sole legal issue confronting this court is whether an unauthorized delivery of a car to a garage keeper vests a lien in the garage keeper for the care of the car while in its possession.

While an innkeeper in England had a lien under the comon law regardless of the good title of his guest, *Gordon* v. *Silber*, 25 Q.B. Div. 491 (1890); *Robbins & Co.* v. *Gray*, 2 Q.B. Div. 501 (1895); in this country the general rule has been to the contrary. In the United States one who obtains possession of goods without the consent of the owner, express or implied, has no lien. *Andrew* v. *Dieterich* (1835), 14 Wend. (N.Y.) 31; *Fitch* v. *Newberry* (1843), 40 Am. Dec. 33 (common carrier); *Mills* v. *Shirley* (1872), 110 Mass. 158 (lodging house keeper); *Robinson* v. *Baker* (1849), 5 Cush. 137, 144 (Common carrier); *Stevens* v. *Boston & Worc. Ry.* (1857), 8 Gray 262 (Common carrier).

Prior to the passage of Mass. St. 1913, c. 300 (now G.L. c. 255, § 25) which gave a garage owner a lien for storage on a car left with him "by and with the consent of the owner" the law was clear that one who receives goods from a wrongdoer without the consent of the owner has no lien on same for their care, custody,

storage or carriage. See *Robinson* v. *Baker,* 5 Cush. 137. At common law the garage owner had no lien for his charges under any circumstances. It was only by reason of the statute of 1913 that he acquired one. *North End Auto Parks, Inc.* v. *Petringa Trucking Co., Inc.,* 337 Mass. 618. In passing this act (St. 1913, c. 100) the legislature did no more than confer on the garage keeper a right, previously enjoyed by innkeepers, lodginghouse owners, warehousemen, and carriers. In granting the right of a lien for storage charges on a car left "by and with the consent of the owner" it clearly excluded the benefits of the lien from automobiles brought to the garage by unauthorized persons. We see no valid reason for extending the scope of the lien in the case of garage keepers.

See discussion of general principles on which this rule rests by Fletcher, J. in *Robinson* v. *Baker,* 5 Cush. 137, 142. See also 10 Univ. of. Cincinnati L.R., 495.

The defendant has called to our attention the cases of *Prestone* v. *Neale,* 12 Gray 222, and *Chase* v. *Corcoran,* 106 Mass. 286. They are not analogous in any sense of the term. In the former, the owner had brought his goods to the premises of the plaintiff, and on the termination of his tenancy had left, without removing all of them. The court allowed the landlord to recover for care and storage. In this case the goods were on the landlord's premises with

46

the consent of the owner. In the latter case, the owner of a boat who had taken it from a person who found it adrift on tide water and brought it to shore, was held liable for the necessary expenses of preserving the boat while it remained in the stranger's possession. It is important to observe that no lien was claimed by the finder of the boat. Whatever claim the finder had was predicated upon the notion that the res in issue was a boat and that the rights of the claimant for care and repairs were governed by consideration of maritime policy. 2 Kent's Commentaries, 12th Ed., p. 636.

While the circumstances which support the judge's rulings and findings in the replevin action suffice to deny the Authority a recovery in the action for the storage rental, it is significant to note that no evidence whatever was offered by the Authority to link the defendant Harry Fancy with the delivery of the car to the Authority. **Reports dismissed in both cases.**
JOHN F. FERRICK

of Boston, filed separate briefs
for all parties fully presenting all issues.