*Northern District*

No. 7795

## LIBERTY MUTUAL INSURANCE COMPANY

v.

## MARKET ST. GARAGE & TOWING SERVICE, INC.

Argued: June 22, 1972 - Decided: Nov. 3, 1972

*Present:* Parker, P.J., Cowdrey, Mason, JJ.

Case tried to *Artesani, J.* in the Municipal Court of Brighton District, No. 859 of 1972.

**Parker, P.J.** This is an action of replevin by the plaintiff for a motor vehicle held by the defendant. The defendant claims a lien upon the motor vehicle for storage in the amount of $692.00.

**There was evidence that** on 16 March 1971 the owner of the automobile reported to the Brookline Police that her car was stolen. In April of 1971 the owner received reimbursement for her loss from the plaintiff and transferred title of the car to the plaintiff. On July 26, 1971 the plaintiff's predecessor in title was notified by the defendant that the car was in its possession. Up to this time, she had received no word of the whereabouts of her car from any source. Upon receipt of this information the plaintiff's predecessor in title notified the plaintiff. There was no evidence that the defendant took any steps to inform the plaintiff's predecessor in title or the plaintiff of the whereabouts of the car until the defendant notified the plaintiff's predecessor in title on 26 July 1971 that the car was in its possession. An agent of the plaintiff came to the garage on 28 July 1971. An adjuster of the plaintiff notified the Brookline Police and the car was removed from its listing as stolen by the National Crime Information Center records. There was evidence that the defendant was

called by the Brighton Police to tow the car on 16 March 1971 and that it did so.

The defendant had possession of the car from 16 March to 30 August 1971 when it was replevied. The report states that the prevailing rate for storage was $4.00 per day and for the towing charge was $20.00.

The plaintiff seasonably filed five (5) requests for rulings reading as follows:

"1. The evidence does not warrant a finding that the plaintiff's motor vehicle was brought to the defendant's premises or placed in its care by or with the consent of the owner of the motor vehicle.

2. The evidence does not warrant a finding that the defendant had a lien on the plaintiff's motor vehicle under General Laws, Chapter 255, Sec. 25.

3. The evidence does not warrant a finding that the plaintiff's motor vehicle was removed from the scene of accident and placed for storage in the care of the defendant's garage within the meaning of General Laws, Chapter 255, Sec. 39A.

4. The plaintiff has sustained the burden of proof that it was entitled to possession of the motor vehicle in question. *Fancy* v. *Mass. Parking Authority*, 36 Mass. App. Dec. 41.

5. The evidence requires a finding for the plaintiff."

The court found that the defendant on 16 March 1971 towed the car to its garage on in-

struction of the Brighton Police in whose jurisdiction the car was, that there was no evidence that the car was stolen (at that time) or that it had been in an accident and it was not until 28 July 1971 that the defendant heard that any one was claiming it.

The court found that the defendant acted in a legal manner in towing the car and parking it on its property. The court further found that the question of possession was moot, but that the defendant was entitled to recover from the plaintiff in satisfaction of its lien for storage and towing $692.00.

The court granted the plaintiff's requests 2 and 3; granted request 4, but held it was moot; granted request 1, but held it immaterial in view of the court's finding of an authorized towing; and denied request 5.

The plaintiff claims to be aggrieved by the finding for the defendant, and the finding and disposition of its requests 1 and 4 and the denial of its request 5.

The question raised by the action of the court on the plaintiff's requests for rulings and by its finding is whether a garage keeper who, at the request of the police and without knowledge of the owner of the vehicle, tows and stores a motor vehicle found on the public highway has a lien on the vehicle for such towing and storage.

We are of the opinion that in this case the principles of law controlling are plainly set

out in the decision of the Chief Justice Adlow of the Municipal Court of the City of Boston in the case of *Fancy* v. *Massachusetts Parking Authority,* 36 Mass. App. Dec. 41 and we adopt the reasoning and conclusion of that case.

Our attention has been directed to G.L. c. 266, § 29A which may have changed the law in this respect. However, even if this statute may have changed the law, which we do not pass upon, the statute does not apply to this case since it did not become effective until 30 June 1971, which was after the car was towed and stored by the defendant.

The defendant cites G.L. c. 255, § 39A, but this has no application since as a fact the court has expressly found that there was no accident and § 39A applies only to the case of "Any motor vehicle removed from the scene of an accident . . ."

Further, the third paragraph of said § 39A provides that if the registered owner of the motor vehicle assents to the continued storage of such motor vehicle, the owner of the garage shall continue to hold said vehicle in storage and shall have a lien thereon as provided in § 25. This provision of the statute requires consent of the owner in order that the lien may attach. We are of the opinion that G.L. c. 255, § 39A does not apply in view of the express finding of the court that there was no evidence that the car hed been involved in an accident and further since the report shows no

evidence that the owner of the motor vehicle assented to its being stored as is required by G.L. c. 255.

The finding of the court is affirmed, **and the report will be dismissed.**

JOHN C. LACY
  for the Plaintiff
EDMUND J. MANSON
  for the Defendant