*Western District*
No. 130
**RACHEL N. MORSE**
v.
**SAMPSON AUTO BODY AND TOWING, INC.**

Argued: Sept. 16, 1974 - Decided: Sept. 23, 1974

*Present:* Dudley, P.J., Gould, Cimini, JJ.
Case tried to *Walsh, J.* in the District Court of Springfield, No. 215539.

**Cimini, J.** This is an action of tort to recover $825.00 for the wrongful conversion of the plaintiff's automobile. The answer is a denial of any conversion and that the car was not the property of the plaintiff.

The defendant further declared in set-off on an account annexed alleging the plaintiff was

indebted to it for towing and storage of the car involved. The plaintiff duly denied same.

The court found for the defendant and also in the claim in set-off, found for the defendant, the plaintiff in set-off, against the plaintiff, the defendant in set-off, in the amount of $555.00.

The parties submitted the case on a "Statement of Agreed Facts" as follows:

"The plaintiff is a housewife, 33 years old, who lives at #119 Penrose Street, in the City of Springfield. The defendant is a Massachusetts corporation that operates an automobile towing service in the city of Springfield. On November 20, 1970, the plaintiff owned a 1964 Chevrolet Impala automobile that was legally registered in her name in the Commonwealth of Massachusetts. On the said date, November 20, 1970, the said car was parked in the town of East Longmeadow and it was, on that date, stolen by persons unknown.

The plaintiff, on that date, reported the car as stolen to the East Longmeadow Police Department. The records of that Department reveal that the plaintiff reported the car as stolen on that date. On November 29, 1970, the said car was found on a Springfield street by the Springfield police. The defendant was listed with the Springfield police department as operating a towing service and the Springfield police requested the defendant to tow the car to its, the defendant's property. The

defendant did tow the car to its property on November 29, 1970, and it has remained there since.

The plaintiff knew nothing about her car or its whereabouts until March 24, 1971, when she received a letter from the defendant stating the defendant had her car in its lot and demanding payment of $426.00. The plaintiff made demand upon the defendant, as did the plaintiff's husband as her agent, for the return of her car on March 24, 1971. The defendant refused and still refuses to return the said car unless it is paid $18.00 for towing and storage costs now totaling $537.00, or a total of $555.00.

The value of the plaintiff's car is $600.00. The Massachusetts plates registered to the plaintiff were attached to the said car at all times. The registration certificate issued to the plaintiff was in the glove compartment of the vehicle at all times. The Springfield police notified the defendant in March 1971, of the name of the owner of the car at which time he sent the letter.''

The sole legal question is whether a garage keeper acquires a lien in a motor vehicle which was placed in his care without the knowledge or consent of the owner thereof. The answer is no. (G.L. c. 255, § 25, amended).

*Fancy* v. *Mass. Parking Authority*, 36 Mass. App. Dec. 41 states: ''Delivery of an automobile to a garage keeper for storage by a

person who lacks authority to do so from its owner or possessor, gives the garage keeper no lien on the automobile and the garage keeper's refusal to deliver it to its rightful owner or possessor subjects him to liability for conversion.''[redacted]

In this instance, it was agreed that the value of the car was $600.00.

The finding of the trial justice is hereby reversed and a finding for the plaintiff is made in said sum of $600.00. The defendant's claim in set-off is dismissed.