*Northern District*

## No. 8377

# PAT'S TOWING SERVICE, INC.

### v.

# KENNETH KROHN, INTERVENOR F. STAIR ELECTRONICS a/k/a FREDERICK STAIR ELECTRONICS AND FREDERICK RAY STAIR

Argued: Oct. 23, 1975. Decided: Dec. 23, 1975.

Case tried to *Bailey, J.,* in the Third District Court of Eastern Middlesex. Number: 1865 of 1974.

Present: Gould, Jr., Walsh, J. and Bacigalupo, J.

**Bacigalupo, J.** The petitioner, a Massachusetts Corporation with a usual place of business in Cambridge, seeks, by petition, to establish and enforce a lien for charges for the towing and storage of a truck allegedly owned by the respondent, hereinafter called, "Stair". The Appellant-Intervenor, hereinafter called "Intervenor" alleges that he is the proper party respondent to plaintiff's petition; denies that the truck was lawfully towed by the petitioner; denies that anything is due and owing from him to the plaintiff for towing and storage; asserts that if any amount is owed the plaintiff that such amount is owed by one, "Armstrong" or her employer; denies that he has been furnished proper demand and/or notice as required by G.L. c. 225, §26; asserts that he is the lawful owner, or the person entitled to the lawful possession of the truck in question and sets-up other matters in his petition to intervene raising questions of fact or issues of law. The court found that the petitioner had a valid lien against the vehicle registered in the name of "Stair" in the sum of $995, against "Stair" and made the following findings of fact:

> " 'I find that the intervenor, Kenneth Krohn, rented parking space for a truck from Mrs. Armstrong of 15 Lee Street, Cambridge, who was the manager of a rooming house at said address owned by Joseph Pelletier, and that he paid her in full for said rental for the period from September 1,

1972 through April 30, 1973; that respondent, Krohn, made no further payments thereafter, although he knew of the expiration date—April 30, 1973; that on or about June 13, 1973, at the request of Mrs. Armstrong, the petitioner towed the vehicle to its place of business and notified the police department of the City of Cambridge that it had possession of said vehicle.' "

" 'I find that the vehicle was purchased on January 21, 1971, by one Frederick Stair, P. O. Box 163, Savage, Maryland, and registered in the State of Delaware on January 19, 1971, in the name of Frederick Stair Electronics, 1212 Washington Street, Wilmington, Delaware, and given Tag, Registration, and Title No. C51817; that the vehicle which was parked in the yard bore the plate and registration No. C51817; that after the petitioner acquired possession of the vehicle, the respondent, intervenor, Kenneth Krohn, presented himself to the petitioner's place of business in June, 1973, and attempted to acquire possession of the vehicle, exhibiting keys and the registration of the Frederick Stair Electronics, and claimed to be the owner of said vehicle; and that the Federal Bureau of Investigation had directed the petitioner to place a hold on the vehicle.' "

" 'I find that on April 18, 1974, the Department of Public Safety, Division of Motor Vehicles, notified the petitioner that its latest information reflected that the name of the owner as per Tag No. C51817 was F. Stair Electronics, 1212 Washington Street, Wilmington, Delaware; and that no official records which were available to the petitioner indicated that the respondent, Kenneth Krohn, was the registered owner of said vehicle.' "

" 'I find that the petitioner caused a search to be made in the State of Maryland and received a notice dated June 5, 1974, that it had no record

of the registration of a vehicle to the respondent, intervenor, Kenneth B. Krohn.' "

" 'I find that although the petitioner has had physical possession of the vehicle since June 13, 1973, the respondent, intervenor, knew that the petitioner refused to recognize him as the registered owner of said vehicle.' "

" 'I find that on July 3, 1974, notwithstanding the foregoing, the respondent, intervenor, applied for, and the State of New Hampshire issued, a Certificate of Title No. 1023625 to Dr. Kenneth B. Krohn of 53 South Main Street, Concord, New Hampshire, having been submitted a bill of sale dated March 1, 1972, signed by Frederick Ray Stair, of the vehicle to Dr. Kenneth B. Krohn of 610 23d Street, N.W., Washington, D. C.' "

" 'I therefore find that the vehicle in question was last registered in 1971 in the State of Delaware in the name of Frederick Stair Electronics of Wilmington, Delaware, which expired on December 31, 1971, and that at no time was the respondent, intervenor, listed as the owner of this vehicle on any official documents until this purported registration on July 3, 1974, in the State of New Hampshire.' "

The Intervenor seasonably filed 3 requests for rulings:

"1. That on all the evidence the Court must find that Petitioner does not have and never did have a valid lien on the truck in question. The grounds for this requested ruling are specified, pursuant to District Court Rule 27 as follows: (a) Petitioner has not shown that the truck was parked on private property on 15 Lee Street without the consent of the owner or person in control thereof or that Krohn ever had notice that such parking was without the consent of the said owner. The evidence is that the parking space at 15 Lee Street

had been rented by Krohn and that the tenancy had not been effectively terminated on June 13, 1973, when the truck was towed. (b) Petitioner has not proved that it acquired its alleged lien in any manner conformable to the law, in that the truck was towed and stored by the Petitioner at the request of a third party who claimed that it was parked on his private property without consent; the truck was towed without prior notification to or by order of a police officer of the rank of at least sergeant (or by any police officer), all as required by Cambridge Ordinance No. 778 (1968, Cambridge General Ordinances, chapter 288; nor has Petitioner shown that it acquired a lien pursuant to any other applicable statute, ordinance, or law. (c) Even if Petitioner had complied or did comply with the above-cited Cambridge Ordinance, the Ordinance does not confer or purport to confer a lien in favor of Petitioner. (d) Even if the above-cited Cambridge Ordinance had been complied with and even if it did confer or purport to confer a lien in favor of Petitioner, such lien, created by Ordinance rather than by statute of the General Court, is invalid and unenforceable because it is in conflict with Amendment LXXXIX of the Constitution of Massachusetts (the so-called Home Rule Amendment) and/or in conflict with G.L. Chapter 40, section 21.' "

"2. That on all the evidence Respondent Krohn has lawful title to the truck in question. The grounds for the requested ruling are specified, pursuant to District Court Rule 27, as follows: (a) Krohn has produced documentary evidence showing his

chain of title to the truck, through Frederick Stair. (b) In any event, Krohn is Stair, i.e., Krohn, without fraudulent intent or result, used the name Frederick Stair and Frederick Stair Electronics in which to take title to and register the truck in Delaware.' "

"3. That, in the alternative, on all the evidence, if Respondent Krohn is not the lawful owner of the the truck in question, the court must find that Krohn is entitled to lawful possession thereof and that his claim to possession is superior to that of Petitioner or anyone else before the court or of whom the court has knowledge. The grounds for this requested ruling are specified, pursuant to District Court Rule 27, as follows: (a) The evidence is undisputed that Krohn was in peaceful, uncontested possession of the truck when it was parked, under a rental agreement, on Mr. Pelletier's property at 15 Lee Street. (b) As the most recent peaceful, uncontested possessor of the truck, Krohn has and at all relevant times has had documents, keys, and other inditia of ownership and possession which, if they do not satisfy the court that Krohn has a claim of ownership of the truck superior to any and all persons, known or unknown, who are not before the court, nevertheless establish his claim at least to the immediate possession of the truck as against Petitioner.' "

"To the extent required for compliance with District Court Rule 27, further specifications of grounds for the above requested rulings and directed findings are contained in Respondent's brief in support of said requests, filed simultaneously herewith, and incorporated herein by reference.' "

The court denied the respondent's requests for rulings as follows:

"'1.  Denied. See Findings of Fact.'"

"'2.  Denied. I find that the respondent Krohn did not acquire title to the vehicle in his name until its purported registration on July 3, 1974, in the State of New Hampshire.'"

"'3.  Denied. I find that the respondent Krohn has failed to establish by credible evidence that he is the lawful owner, or entitled to possession, of the vehicle which was registered to another.'"

The decision of the court follows:

"I find that although the respondent, Kenneth Krohn, rented parking space for a period from September 1, 1972, through April 30, 1973, he failed to pay for any further rental of said space; that he has produced no evidence to show that Mrs. Armstrong knew of any address where he might be located; and that the respondent used many addresses, to wit: 610 23d Street, N.W., Washington, D. C. (bill of sale document dated March 1, 1972); 12 Arnold Circle, Cambridge Massachusetts (alleged address of respondent at time of rental of space, as well as alleged present address of respondent); 53 South Main Street, Concord, New Hampshire (address listing on Certificate of Title dated July 3, 1974).'"

"'I further find that the respondent, intervenor, alleges that he is the person who used the name Frederick Stair and also Frederick Stair Electronics. Assuming without finding this to be a fact, again we have more addresses, to wit: P.O. Box 164, Savage, Maryland (on bill of sale to Frederick Stair), and 1212 Washington Street, Wilmington, Delaware (on registration certificate issued by State of Delaware).'"

" 'I find that the petitioner was never exhibited any documents verifying that the respondent, intervenor was the alleged Frederick Stair, d/b/a Frederick Stair Electronics, and that it was incumbent upon him (respondent, intervenor) to show that he was the owner of the vehicle.' "

" 'I further find that the petitioner used the highest diligence in attempting to acquire the name and address of the 'owner' of the vehicle, and that the petitioner gave notice to the 'owners' of record of the institution of the proceedings.' "

" 'I find that the vehicle was originally placed on the property with the consent of the owner of the land, but that the owner of the property did not consent for it to remain after April 30, 1973, and that said vehicle was therefore lawfully towed and retained by the petitioner.' "

" 'I find that the petitioner has a valid lien against the vehicle, against the registered owner of the vehicle, and that said registered owner of the vehicle was Frederick Stair d/b/a Frederick Stair Electronics in the sum of Nine Hundred Ninety-five Dollars ($995).' "

The Intervenor, claiming to be aggrieved by the denial of his requests for rulings, seasonably filed a draft report which included a request for a report.

Up to this point, the Intervenor was represented by counsel who, prior to the hearing on the draft report, withdrew from the case and thereafter the Intervenor acted *pro se.*

A hearing was held on the draft report on March 3, 1975 at which the plaintiff was represented by counsel and the intervenor represented himself.

On May 20, 1975, the report was established by the trial justice. On June 4, 1974, the Intervenor filed with the Appellate Division a "Petition to Appellate Division for Amendment of Established Report." The

thrust of this petition is to include in the report testimony given at the trial and references to the law referred to by the trial justice.

We know of no provision in the applicable statutes or rules of court relating to Appellate Division procedure which provide for a motion to amend an established report.

We need not deal with this question as we agree with the Intervenor that there was error in denying the Intervenor's first request for ruling, even though some of the grounds specified in the request appear to us to be superfluous.

The single issue before us is whether the petitioner had a lien for its towing and storage charges on the truck of the Respondent.

It is clear that a common law a garage owner had no lien for his charges. *North End Auto Park, Inc. v. Petringa Trucking Co., Inc.,* 337 Mass. 618-620 (1958); *Fancy v. Massachusetts Parking Authority,* 36 Mass. App. Dec. 41, 45 (1966). 18 LEGALITE 88.

If on the facts found by the trial justice the Petitioner had such a lien, it must stem from some sources other than the common law. The petition to establish and enforce the asserted lien makes no reference to any statute, or other authority, upon which the petition is based. The findings and decision of the trial justice as set forth in the report are likewise silent in this respect.

We have found no authority, nor has our attention been directed to any under which a claim of lien may be established and enforced on the facts before us other than *G.L. c.* 255, §§25-28 and *Cambridge Ordinance* Number 778 (1968), *General Ordinance of the City of Cambridge,* Chapter 288, neither of which in our opinion is applicable to the case at bar.

*G.L. c.* 255, §25 reads as follows:

"Persons maintaining public garages for the storage and care of motor vehicles *brought to their premises or placed in their care by or with the consent of the owners thereof*\* shall have a lien upon such motor vehicles for proper charges due them for the storage and care of the same."

To establish a lien under the foregoing it is essential that the vehicle be brought to the premises of the public garage *by or with the consent of the owner.* The trial justice made no such finding. Indeed, there is no reported evidence to justify a finding that consent was given by Stair or the Intervenor either expressly or by implication.

Cambridge Ordinance No. 778, supra, reads as follows:

"A police officer of the rank of at least sergeant may upon notification by the owner or person in control of private property that a motor vehicle has been parked upon said property without the consent of the owner or person in control thereof and after notice that such parking was prohibited order said motor vehicle to be towed from said property to a garage within the City. The registered owner of the motor vehicle shall be liable for the cost of towing and for storage of the motor vehicle at the garage in accordance with the rates established in the Traffic Regulations of the City of Cambridge for the Towing of Motor Vehicles from Public Ways."

There is no finding by the trial justice that prior to the towing a police officer of the rank of at least sergeant authorized the towing. Such a finding could not have been made on the reported evidence. Moreover, the Ordinance merely provides that the owner of a vehicle towed under the authority of the Ordinance shall be liable for towing and storage of the

---

\* Emphasis Added.

vehicle. It does not by its terms purport to create a lien on the vehicle.

We therefore conclude that the denial of Intervenor's first request for ruling was error. It therefore becomes unnecessary for us to consider the other grievances alleged by the Intervenor.

The finding for the petitioner is vacated and it is ordered that a finding be entered for the respondent. *Liberty Mutual Insurance Company v. Market Street Garage & Towing Service, Inc.,* 307 Mass. App. N.E. 2d, 858. (1974).**

** It should be noted that the Intervenor claimed ownership and/or the right to possession of the truck in June of 1973, the same month in which it was towed by the Petitioner and yet was not named as a Respondent in the petition. Hence, the provisions of **G.L. c. 255, §28** with respect to notice appear to us to be inapplicable to the facts of this case even if there was compliance with said provisions.