**EXCHANGE STREET
AUTO BODY, INC.
vs.
Phillip STOCKTON**

No. 8752

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

September 21, 1982

Edward R. Lembo, Esq., counsel for plaintiff.
Pacifico M. Decapua, Esq., counsel for defendant.

## OPINION

**Tiffany, J.** This is an action in contract for towing and storage charges allegedly owed by the defendant, whose motor vehicle was involved in an accident on August 22, 1980 and towed to the plaintiff's place of business by order of the Holliston Police. The specific claim is for $21.00 in towing charges and $10.00 per day for storage from August 22, 1980 to the date of trial, April 2, 1981.

The defendant's answer admitted the identities of the plaintiff and defendant; but denied not only knowledge of the plaintiff's services to his motor vehicle on August 22, 1980, but also any liability for towing or storage charges.

A summary of the evidence presented at trial, consisting solely of the plaintiff's testimony, revealed that the plaintiff is a duly certified motor vehicle carrier and garageman with a repair garage and storage facility in Holliston, Massachusetts. At 6:30 A.M. on August 22, 1980, the defendant's 1979 General Motors pick-up truck was damaged in an accident; and, pursuant to a request by the Holliston Police Department, the plaintiff towed the defendant's vehicle to the plaintiff's place of business. Later the same day and before the Holliston Police furnished the name and address of the owner of the vehicle to the plaintiff, the defendant's brother and father appeared at plaintiff's garage. They informed the plaintiff that the defendant had been hospitalized with injuries sustained in the accident; and that the defendant had instructed them to remove certain items of personal property from the vehicle, but to leave the vehicle at the plaintiff's place of business.

Approximately seven to ten days after the accident, the defendant personally appeared at the garage, removed additional personal property from the vehicle and advised the plaintiff that the insurance company wanted to recover the vehicle. The defendant was advised by the plaintiff of the $21.00 rate for towing and the $10.00 daily rate for the storage of motor vehicles. The plaintiff testified at trial that the $21.00 figure conformed to his posted tariff on file with the State Department of Public Utilities and that the daily $10.00 rate was a fair and reasonable charge for storage.

The report to this Division states that there was evidence that the defendant owned the vehicle in question and that the

"Court found that he did." The defendant's vehicle remained on the plaintiff's premises without interruption from August 22, 1980 up to and including the date of trial. The plaintiff has demanded but received no payment from the defendant for either the towing or storage charges.

The defendant submitted six requests for rulings of law. Request number 2 stated:

"Plaintiff is not entitled to recover for storage of defendant's motor vehicle in its garage because the plaintiff failed to inform him by registered mail, return receipt requested, and to inform him of the storage rates, and failed to inquire if he wished to continue to hold his motor vehicle subject to said storage rates."

The trial court denied this request for ruling and specifically found that "there was actual notice to the defendant and his representatives and the defendant authorized storage." The trial court made no other subsidiary findings.

Judgment was entered for the plaintiff in the total amount of $488.00, and the plaintiff now claims to be aggrieved by this assessment of damages. He further claims to be aggrieved by the court's denial of his requested rulings numbers 1, 3, 4 and 7; and by the court's refusal to rule on request number 6. These requests are enumerated as follows:

"1. The defendant will be unjustly enriched if he is not required to pay towing and storage charges to the plaintiff at legal and prevailing rates respectively.

DENIED.

"3. The defendant owes the plaintiff towing and storage charges as stated; namely, $21 for towing and $10 per day for storage from August 22, 1980, to the date of trial, April 2, 1981, or to the date of judgment in this action, whether or not plaintiff

has a lien on the motor vehicle of the defendant.

DENIED.

"4. The plaintiff, as one who has provided necessary maintenance and storage for the damaged motor vehicle of the defendant which was left standing upon the highway after defendant was removed to the hospital is entitled to recover for storage of said motor vehicle at prevailing rates and for the towing thereof at his posted Department of Public Utilities rate, from the owner, the defendant herein, even though the defendant has not contracted for such services. This is because the law will employ a promise to pay in order to avoid unjust enrichment and to further the interests of public policy.

DENIED.

"6. Public Policy requires owners of motor vehicles to pay reasonable charges for the necessary care expended upon their motor vehicles, otherwise garagemen could not afford to offer those services to the general public.

NEITHER ALLOWED NOR DENIED AS IT IS NOT NECESSARY TO THE DECISION OF THIS CASE.

"7. The plaintiff towed and stored the motor vehicle owned by the defendant when ordered to do so by the police because said motor vehicle was damaged and its owner and operator had been removed to the hospital; therefore, the plaintiff is entitled to judgment in the amount of $2,121 plus interest thereon from the date this action was instituted to the date of judgment, together with costs.

DENIED."

The issue raised by the plaintiff on this appeal is whether the damages assessed and awarded by the trial court were

inadequate as a matter of law. The question as to the appropriate measure of contract damages was properly raised in the trial court by plaintiff's requested rulings numbers 1, 2[1] 3 and 7.

Unfortunately, the trial court did not make any subsidiary findings with respect to the question of damages and did not disclose any standard employed to arrive at the judgment figure. The absence of such information, in this unusual case wherein the trial justice has denied all of the requested rulings of both parties and appears to have rejected all the formulae suggested for the computation of damages, necessitates our consideration of all theories of liability applicable herein.

Actions by garagemen for the recovery of motor vehicle towing and storage charges are statutorily prescribed in this Commonwealth by G.L. c. 40, s. 22D; G.L. c. 255, ss. 25 and 39A; and G.L. c. 266, s. 29A. The provisions of G.L. c. 266, s. 29A are inapplicable herein as the defendant's motor vehicle was not stolen. **Liberty Mutual Ins. Co. v. Market St. Garage & Towing Serv., Inc.,** 2 Mass. App. Ct. 800 (1974). Similarly, G.L. c. 40, s. 22D would appear to be inapposite for the defendant did not simply park or leave standing his motor vehicle in violation of a local traffic ordinance. The general statutory lien for garage keepers created by G.L. c. 255, s. 25 is also unavailable to the plaintiff as the defendant's truck was not originally towed to the plaintiff's garage "by or with the consent of the owner." **Fancy v. Massachusetts Parking Auth.,** 36 Mass. App. Dec. 41, 43 (1966). Authorization by a police officer for the towing of a vehicle is not a delivery of the vehicle to the garage keeper by or with the owner's consent. **Pat's Towing Serv., Inc. v. Krohn,** 57 Mass. App. Dec. 71, 80 (1975).

Consequently, any right of recovery based on a statutory lien by the plaintiff could be derived solely from the provisions of G.L. c. 255, s. 39A which expressly pertains to any motor vehicle removed from the scene of an accident.

To acquire a lien for storage charges as provided in section twenty-five, the garage keeper is initially required by s. 39A to notify the vehicle owner by registered mail, return receipt requested, that the vehicle has been placed in his care. Said notice must also inform the owner of the storage rates, and inquire if storage is to be continued subject to these rates. It is elementary that the right to pursue a statutory remedy is forfeited if all the procedural steps prescribed by the statute are not followed. **St. George's Church v. Primitive Methodist Church,** 315 Mass. 202, 204 (1943).

With respect to the statutory notice requirement, the obvious purpose of written notification under s. 39A is to apprise a motor vehicle owner that his property is being held by a garage keeper at a certain storage rate and to elicit the owner's response as to the continuation or cessation of this arrangement. The report herein states that the defendant was actually and directly notified in person by the plaintiff as to the applicable charges for the continued storage of his vehicle, and that the defendant assented thereto. This evidence supports the trial court's subsidiary finding entered in response to defendant's requested ruling number 2 that "there was actual notice to the defendant and his representative and the defendant authorized storage." In view of the **de facto** notice to, and assent by, the defendant to the plaintiff's continued storage of the vehicle, a denial of the plaintiff's claim for a G.L. c. 255, s. 39A lien for storage charges because of the absence of the formal statutory written notification by registered mail would elevate procedure over substance and would contravene the intent of the statute. Section 39A unequivocally states:

"If the registered owner of the motor vehicle assents to the

---

[1]Plaintiff's request for ruling number 2 stated: "The damages sustained by the plaintiff are its towing charges of $21 and storage charges at $10 per day from August 22, 1980 to March 19, 1981, the day of trial." This request was denied by the trial court.

continued storage of such motor vehicle, the owner of the garage shall continue to hold such motor vehicle in storage and shall have a lien thereon, as provided in section twenty-five.''

It is clear that the plaintiff perfected a G.L. c. 255, s. 39A lien on the defendant's vehicle for storage charges and the plaintiff was entitled to recover on said lien ''as provided in section twenty-five'' of c. 255. Section 25 states:

''Persons maintaining public garages for the storage and care of motor vehicles . . . shall have a lien upon such motor vehicle for **proper charges** due them for the storage . . . (emphasis supplied).''

The term ''proper charges'' is not specifically defined in s. 25. It is clear, however, from a juxtaposed reading of this statute with G.L. c. 255, s. 39A that ''proper charges'' are those based on the storage rates quoted to the vehicle owner by the garage keeper and assented to by the owner. Courts will neither interfere with a contractual relationship nor re-write a contract between parties. The plaintiff was, therefore, entitled to recover the full amount of his **ad damnum;** namely, storage fees for 244 days at the $10.00 per diem rate quoted and agreed to by the defendant.

Notwithstanding the statutory basis for recovery by the plaintiff, the plaintiff also may prevail upon a common law claim for breach of an express or implied contract. **Flesher v. Handler,** 302 Mass. 482, 484 (1939); **Appleton v. Hickey,** 50 Mass. App. Dec. 17, 21 (1972). In the case at bar, the defendant expressly authorized the plaintiff to continue the storage of his motor vehicle at the daily monetary rate set by the plaintiff and thus bound himself by an express oral agreement to remit payment in the full amount sought by the plaintiff.

On the basis of the foregoing, the trial court's denial of plaintiff's requested rulings numbers 1, 3 and 7 was error. The plaintiff was entitled to recover $21.00 for towing and $10.00 a day for storage charges for a total amount of $2,121.00.

The trial court's judgment for the plaintiff in the sum of $488.00 is hereby vacated, and judgment is to be entered for the plaintiff in the amount of $2,121.00 plus interest and costs.

**So ordered.**

Elliott T. Cowdrey, P.J.
John P. Forte, J.
James B. Tiffany, J.